FERDINAND BERRY *v.* C. M. WATERMAN.

CONTRACT OF SALE.   *Property not delivered.   Replevin by purchaser.*

> Under an agreement for the purchase of an entire cotton crop, which is to
> be paid for at a fixed price as delivered, though a part is received and
> paid for, the title to that not delivered does not pass, and the person con-
> tracting to purchase cannot maintain replevin to recover the same from
> a third person who subsequently purchases it.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Replevin by Waterman against Berry for the recovery of
a lot of cotton. By consent, the case was tried without a
jury. Judgment for plaintiff. Defendant appeals. The
cotton in controversy was raised by one Cox, during the year
1892. Plaintiff's testimony tended to show that, about the
last of October of that year, before the cotton was gathered,
Cox agreed to sell and deliver his entire crop, estimated at
about two hundred bales, to Waterman, for eight cents per
pound; that the cotton, as gathered, was to be delivered by
Cox to Waterman in the town of Greenwood, and was to be
paid for according to weights by settling with the Delta bank;
that thirty-nine bales were delivered and paid for, as per con-
tract; that the remainder of the crop was not delivered,
whereupon this suit was brought for recovery of the same.
The alleged contract of sale was verbal. Only the cotton
that was delivered was paid for. All the cotton was raised
on land rented by Cox, from one Durden, for the rent of
which Cox was to pay $2,200. After the alleged contract of
sale, Cox sold sixty-one bales of the cotton to Durden in
alleged settlement of the rent, and Durden sold the same to
appellant, Berry, who paid for it, and had possession when
the suit was brought against him for the recovery of the same.

There was a conflict in the testimony as to whether the

contract of sale between Cox and Waterman embraced the entire crop, or only a part of it. On behalf of defendant, there was testimony tending to show that it was agreed between Durden, the landlord, and Waterman that after the first thirty or forty bales were sold by Cox, no other cotton was to be moved from the leased premises until the rent was paid. But, in view of the opinion, it is not necessary to state the facts as to this. The plaintiff made a tender of the amount due Durden for rent, and the tender was refused. The suit was for the recovery of eighty-three bales of cotton, but there was testimony going to show that only sixty-one bales of these were of the crop raised by Cox. There was also testimony tending to show that Durden had notice that Cox had made the contract for the sale of his entire crop, and that in receiving the cotton from Cox he endeavored to aid him in defeating the sale to Waterman; but, under the view taken by the court, it is immaterial to state the facts as to this.

*Rush & Gardner*, for appellant.

Plaintiff in replevin must have the right to the immediate possession of the property or he cannot recover. 52 Miss., 271; *Wilkes* v. *Gates*, 68 *Ib.*, 263.

The contract between Waterman and Cox, whether for the whole or a part of the crop, was executory. The cotton was then in the field. If Cox retained the title, he could dispose of it to other parties, and Waterman could, in that event, only hold him for a violation of the contract; he could not recover the cotton from an innocent purchaser. As to what is an executory contract, see *Smith* v. *Sparkman*, 55 Miss., 649; *Bowden* v. *Gray*, 49 *Ib.*, 547.

If the cotton had been destroyed before delivery, the loss would have fallen on Cox.

*A. H. Longino*, for appellee.

Either the delivery of the thirty-nine bales of cotton or the payment of the price therefor took the transaction out

of the operation of the statute of frauds. The title of the entire crop passed to Waterman. Code 1892, § 4229; 57 Miss., 765; 63 *Ib.*, 342. The contract being complete, the title passed to the purchaser, and thereafter any thing done by Cox in connection with the cotton was as his agent. 55 Miss., 649.

Whether a sale is complete or executory depends upon the intention of the parties. Here there was a complete contract for the sale of the entire crop.

It is immaterial that the cotton in controversy was not paid for. After the sale, Cox could not prevent Waterman from recovering possession. His only remedy was by suit for the price. 21 Am. & Eng. Enc. L., p. 584.

CAMPBELL, C. J., delivered the opinion of the court.

Conceding the validity of the contract of sale between Cox and Waterman, the latter acquired nothing but the right to claim a performance of the contract, and to damages for non-performance. He did not acquire title to the cotton, but a right to get the title by performance, until which he had no ownership of the cotton, and therefore could not maintain an action for it. The statute of frauds has reference only to the " contract for the sale," and has no influence whatever on a sale. The two are totally distinct. Waterman had a contract for the sale, but until its terms were complied with by delivery of the cotton, there was no sale; hence, no right of action for the cotton, the maintenance of which depends on title. This disposes of the case, which is too plain for dispute. Nothing but zeal obscuring judgment could give rise to litigation in so plain a case, and, the wonder is, how the learned judge was misled about it. All concerned must have been mystified by the statute of frauds, which has nothing to do with the case.

*Reversed and remanded for a new trial.*