## L. A. WACHSTETTER *v.* H. W. BROWN.

[58 South. 530.]

EXCHANGE OF PROPERTY. *Right of action. Title. Replevin.*

Where plaintiff agreed with defendant to exchange an automobile for a launch but neither party delivered the article agreed to be exchanged, the contract was executory and plaintiff having no title to the launch could not recover in replevin for the same.

APPEAL from the circuit court of Hancock county.
HON. T. H. BARRETT, Judge.

Action of replevin by L. A. Wachstetter against H. W. Brown for a launch. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Bushing & Guice,* for appellant.

The action of the court in granting a peremptory instruction to find for the appellee is manifestly erroneous, in view of the testimony. It is insisted by appellee

that the contract is within the statute of frauds and
comes within Sec. 4779 of the Code of 1906, which is as
follows:

Sales of personal property:   A contract for the sale
of any personal property, goods, wares, or merchandise,
for the price of fifty dollars or upwards, shall not be
allowed to be good and valid unless the buyer shall re-
ceive part of the personal property, goods, wares, and
merchandise or shall actually pay or secure the purchase
money or part thereof, or unless some note or memoran-
dum, in writing, of the bargain be made and signed by
the party to be charged by such contract, or his agent
thereunto lawfully authorized.

Taking up the letters of appellee to the appellant, they
are certainly sufficient in themselves to take the case out
of the statute; the letter of October 6, 1910, marked Ex-
hibit B in which the appellee states that he will ship
launch by first schooner; the letter of October 20, 1910,
in which appellee, claiming ownership of the automobile,
requests appellant to sell the automobile for two hun-
dred dollars and again promises to send the launch;
the letter of November 21, 1910, in which the appellee
again requests the appellant to sell the automobile, quot-
ing from his own letter, "Hope you will make a deal
with that man for me;" the letter of December 7, 1910,
in which appellee again promises to send launch.   In
all but one of these letters he states, "your letter re-
ceived," and of course the letters referred to and in-
troduced at the trial make a part of the whole transac-
tion.   It is difficult to my mind to conceive of a case
where the statute is more fully satisfied than in this one.
Even a letter of acceptance of a verbal contract is suffi-
cient.   See 20 Cyc. 254-255.   The case of *Bonds* v. *Lip-
ton Co.*, 85 Miss. 209, 37 South. 805, is in many respects
similar to this case.   In the *Bonds* v. *Lipton* case the
court speaking through Truly, J., said.   "It is said the
contract is void under the statute of frauds and the ci-

pher telegrams interpreted as above shown, do not sufficiently show a sale. But the inescapable reply to this contention is that the letters which passed between appellee J. C. Hood & Co. and C. A. Bonds, distinctly recognize the existence of a contract, and set forth with reasonable certainty the details of the transaction.''

By the letters referred to above, the appellate has exercised jurisdiction over the automobile and treated it as his own property, giving orders stating the terms and manner of sale, etc.

*McDonald & Marshall,* for appellee.

We submit that the court's action in granting the instruction requested by the defendant is sustainable upon any one of the following grounds:

1. The contract was unenforceable under Sec. 4779 of the Mississippi Code of 1906, the statute of frauds.

2. Because the plaintiff sought to enforce by replevin an executory contract, which cannot be done under our system of jurisprudence.

3. Because plaintiff had no right, legally or morally, to insist upon replevying the launch in question without first delivering the defendant the automobile, or tendering the defendant its equivalent agreed upon in money.

We beg to argue briefly and concisely as possible in support of each of said reasons, taking them up in the order given.

The contract is clearly unenforceable under Sec. 4779 (statute of frauds) of the Mississippi Code of 1906. The provisions of this statute are too familiar to the court to warrant a setting out of its language. The transaction before the court is undoubtedly one coming within the contemplation of the statute. The letters exchanged between the parties, taken altogether, cannot be said to be a memorandum of the agreement. Could anyone, taking these letters in themselves, unassisted

by parol evidence, say what the agreement between the parties was? In short, these in no wise set out, with reasonable certainty, or, indeed, any certainty, the terms of the contract. And in considering this phase of the case we direct the court's attention to the fact that the supposed copy of a letter to defendant from plaintiff, of date October third, 1910, was entirely out of the consideration of the trial court for the reason that it had not been admitted in evidence, being properly excluded by the trial judge. A copy of this writing appears in "Exhibit A" in the record. It will be seen from the record that this purports to be a carbon copy of the original and it seems to have been offered in evidence by plaintiff upon two theories: first, that it was, in reality, an original, being a carbon copy or duplicate of the original; second, that notice had been given to produce the original and it was admissible as a copy or secondary evidence of the original. The court held that upon the first theory the writing could not be admitted in evidence for the reason that it was not a complete carbon copy, containing the signature of the original. It is familar learning, we submit, that for a duplicate, or carbon copy, or a letter to be proven in evidence, it must be a duplicate of the entire instrument of writing, including the signature. Reynolds Trial Evidence and Cross Examination, page 133.

On the second theory the court, with perfect propriety and in accord with law, in our humble judgment, refused to admit the writing in evidence upon the ground that there was no testimony to the effect that the original was ever mailed. The record shows that the court gave the plaintiff ample opportunity to prove this, putting him upon notice that it was necessary, adopting this language from the record, "It is not shown what you did with the original, whether you threw it in the fire or what you did with it." And so the letter marked "Exhibit F," while we do not consider it material in

the decision of this case, was, we think, properly ex-
cluded from consideration by the trial court, because
there was no evidence that the original was mailed.
And so also in the case of the supposed copy of an origi-
nal letter, excluded by the court, marked "Exhibit I"
in the record. The court excluded this letter also for
the very cogent reason that there was no notice given
to produce the original. The principle of law that all
of the letters taken together, that is the letters properly
shown in evidence in the trial, must show, with reason-
able certainty, the elements of the contract so that an
inspection of the letters themselves would apprise one
of the terms and circumstances of the contract, unas-
sisted by parol evidence, is too elemental to justify
burdening this brief with exhaustive citations of author-
ity. 20 Cyc. 258; 29 Am. & Eng. Ency. Law (2 Ed.) 872
(d); *Frank* v. *Eltringham,* 65 Miss. 281; *Fisher* v. *Kuhn,*
54 Miss. 480. We have no quarrel with the law as given
in the case of *Bond* v. *Lipton Co.,* 85 Miss. 209, cited by
counsel for appellant. The cases are widely dissimilar
in that the telegrams and letters in that case contained
with absolute certainty the terms of sale, while, in the
case at hand, the letters shown in evidence merely hinted
at the existence of a contract, and in no manner set out
its terms.

We submit, therefore, that the trial court, for this
reason, committed no error in holding that the contract
was unenforceable because of noncompliance with the
statute of frauds and in accordingly granting defend-
ant's requested peremptory instruction.

We respectfully insist that the trial court's action in
granting defendant the requested peremptory instruc-
tion at the trial of this cause was clearly sustainable
because an action of replevin, in our system of juris-
prudence, was not maintainable upon the facts. The
contract between the parties, had it been properly evi-
denced by writing to bring it beyond the statute of

frauds, was an executory contract, the title to the automobile and the launch to pass simultaneously to the respective parties upon delivery.  It has been distinctly held by this court that replevin will not lie in Mississippi to enforce an executory contract of this nature.  *Williams* v. *Sayers,* 79 Miss. 50.

In the case of *Berry* v. *Waterman,* 71 Miss. 479, Chief Justice Campbell said, in delivering the opinion of the court (page 499), "Conceding the validity of the contract between the parties, Waterman acquired but the right to claim a performance of the contract and to damages for nonperformance," the contract being executory.  In 24 Am. & Eng. Ency. Law (2 Ed.), page 490, the following language is adopted in announcing the law: "In executory contracts or sale though the vendor may be liable on his contract for failure to deliver the property, the title to the property does not pass to the vendee so as to enable him to recover the possession by replevin," and there is no difference in the application of the law of contracts and procedure between an exchange of property and a sale.  11 Am. & Eng. Ency. Law 570.  If the plaintiff felt aggrieved by the action of the defendant in not delivering to him the title and possession of the launch, plaintiff could, had the contract been enforceable under the statute of frauds, brought an action for damages against defendant.

We submit further that the trial court's action in granting defendant's peremptory instruction was clearly sustainable upon this last mentioned ground, an action of replevin not being proper remedy, under the laws of Mississippi in this case.

COOK, J., delivered the opinion of the court.

Appellant instituted an action of replevin against appellee for the recovery of a gasoline launch.  On the trial, the jury were peremptorily instructed to find for the defendant.

L. A. Wachstetter was the owner of an automobile, and H. W. Brown the owner of a launch. Brown called at the home of Wachstetter, and, after an inspection of the automobile, offered to exchange the launch for the automobile. Wachstetter agreed, provided the launch was what Brown represented it to be; so it was agreed that Wachstetter was to go to Logtown, Miss., and there inspect the launch. He did go, arrriving there on Sunday, and after an inspection was satisfied. It was then agreed that he should do some work on the automobile. In the meantime, Brown agreed to deliver the launch to a schooner, to be by the schooner towed to New Orleans, and there delivered to the appellant. The automobile was never delivered to Brown, and the launch was never delivered to Wachstetter.

We think the action of the court in peremptorily instructing the jury to find for the defendant was correct. Appellant never gained title to the launch, and therefore the action of replevin will not lie. This was an executory contract, and, while the appellant may have had a right to institute a suit for damages for the nonperformance of the contract, manifestly he had no right to institute replevin. *Williams* v. *Sayers,* 70 Miss. 50, 29 South. 995; *Berry* v. *Waterman,* 71 Miss. 497, 15 South. 234.                                              *Affirmed.*