GILMORE PUCKETT CO. *v.* GLENN

[86 South 864. No. 21437.]

1. SALES. *Instruction as to contract place of delivery of lumber sold held erroneous.*

Where a contract for the sale of lumber fixed the place of delivery on a public highway and the evidence of the plaintiff shows it was delivered on said highway at the place agreed on, and the evidence of the defendant shows that a less amount was received at its yard where it was checked and measured, it was error for

the court to instruct the jury orally that the sole question was whether the lumber was received at the yard of defendant, or actually received by its hauler and not delivered to the defendant.

2. SALES. *Whether lumber sold was delivered as provided for by contract held under evidence for the jury.*

The evidence considered by the court in this case, and there was evidence on the plaintiff's part that the lumber was delivered at the place called for by the contract, while there was evidence for the defendant that it did not receive the lumber, it was a question for the jury to say whether the lumber was delivered as provided in the contract.

3. SALES. *Verdict at lowest price for lumber of different kinds at different prices sold and delivered in gross authorized.*

Where under a contract calling for the sale of lumber of different kinds at different prices the plaintiff did not keep a correct account of the different kinds so as to identify the amount of each kind, but did deliver an amount specified, the jury could award a verdict for the lumber at the lowest price.

4. SALES. *Instruction as to right of plaintiff to recover on delivery at place named erroneously refused.*

Where a contract for the sale of lumber is at a designated place and the plaintiff testified that he delivered the lumber at the named place, it was error to refuse to instruct for the plaintiff that "if you believe from a preponderance of the evidence in the case that defendant contracted with plaintiff to purchase from him certain lumber to be delivered to defendant on the Pike Road about one-half mile east of Leverett's mill, and you further believe from a preponderance of the evidence in the case that plaintiff did place said lumber in compliance with said contract at the place designated, for which he has not been paid, which lumber was received by the defendant, then this constituted a delivery to the defendant, and the defendant became responsible for said lumber and liable for the contract price of same."

5. SALES. *Instruction for defendant, in action for purchase price of lumber, as to delivery, held error.*

In such case it is error to instruct for the defendant "that under the law, although the jury may believe from the evidence that plaintiff delivered the lumber on the public road as he testified, still the jury must find for the defendant unless the jury fur-

ther believe from a preponderance of the evidence. that the defendant actually received more lumber than they 'paid for, or their hauler got such lumber for them and failed to deliver it to them."

6. SALES. *Instructions as to seller's right to enter defendant's premises to look for lumber sold but claimed not delivered held error.*

It was error for the court, where plaintiff testified. that he requested defendant to permit him to go through his lumber yard and look for the lumber involved in the suit, which defendant refused to permit, to instruct the jury that "if you believe from the evidence that the lumber yard of the defendant was publicly located and accessible at all times to the public, and the defendant had not specially forbade the plaintiff to enter therein and search for the lumber alleged to have been lost, then the plaintiff had a right to go on it and search for his lumber alleged to have been lost, and the defendant, Gilmore Puckett Company, cannot be held responsible solely for his failure so to do."

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by Jeff Glenn against the Gilmore Puckett Company. Judgment for plaintiff, and both parties appeal. Affirmed on direct appeal, and reversed and remanded on cross-appeal.

*Leftwich & Tubb,* for appellant.

Delivery is a question of intention of the parties. (See cases cited at page 3 original brief.) The intention of the parties can only be arrived at by their declarations and actions made at the time of the transaction and by their subsequent acts during its execution. We think we clearly demonstrated in our original brief that the parties to this contract could have had but one intention, that is, that the lumber would become appellant's after it had reached its yards and there checked, tallied, and paid for.

In the case of *Cole* v. *Bryant,* 73 Miss. 297, the controversy was identical with the one at bar. In that case the contract for delivery of staves provided for their deposit

by the seller on the railroad track for the buyer, the contract stating: "Said staves are to be delivered at Okolona, Miss., on the side track on M. & O. R. R. as they are made."

The only difference in that contract and this one is that it provided in addition that the staves were there to be inspected and culled by J. O. Bryant (the buyer). The contract between appellant and appellee had no such provision for inspection at the pike road but it certainly was implied that an inspection would be made before the delivery was complete as appellee admits that he depended on appellant's piece tally as a basis for their pay. In the above case an instruction was granted by the court almost identical with two of the instructions refused the plaintiff below on which appellee bases his cross-appeal.

The court held that the instruction was error as it did not state the law of delivery under the contract. In the case of *Crane* v. *Davis*, (Miss.), 21 So. 17, the contract was for selling staves and was in the following words:

"I have this day sold to Messrs. Davis Bros. all the stave timber I have on my plantations Daybreak, Pluck and Rose, for two cents per stave at the stump. The said Davis Bros. is to pay for them before they are moved off the land. They also agree and bind themselves to cut all said timber close and not to waste any timber unnecessarily."

The court through WOODS, C. J., said in part: "By its explicit terms, as well as by the necessary implications involved in them, much was to be done in order to complete the sale. The timber was to be felled; the staves to be got out; a count at the stump, inevitably to be made by both parties, was to be had, to ascertain quantity; payment at the rate of two cents per stave, after quantity ascertained, was to be made at the stump and then the sale was complete.

Other cases in point on the question of what legally constitute delivery are: *Hart et al.* v. *Foundary Co.*, 72 Miss. 809; *Tallahatchie Lumber Co.* v. *Thatch*, 117 Miss. 261.

The case of *Rolfe, et al.* v. *Huntsville Lumber Co.*, 62 So. 537, an Alabama case, states the rule as follows: "But

if anything remains to be done on the part of the seller as between him and the buyer, such as measuring or counting out of a common parcel, before the goods are to be delivered, until that is done the right of property does not vest in the buyer."

The same rule is laid down in *Nicholson* v. *Taylor*, 72 Am. Dec. 728, "that when something remains to be done between the vendor and vendee for the purpose of ascertaining the amount and price of the article, the property and risks remains in the vendor." See, also: *Winslow, Lanier & Co.* v. *Leonard*, 62 Am. Dec. 354; *Williams* v. *Allen*, 51 Am. Dec. 709, and note; *McConihe* v. *N. Y. R. R. Co.*, 75 Am. Dec. 420; *Ouilette* v. *Davis*, 69 Miss. 762.

We think that the law established by the foregoing authorities completely settles the question of delivery as raised by appellee's cross-appeal. They are unanimous in their support of the familiar doctrine that as long as any material thing remains to be done in the trade that the chain of delivery is not complete and the title remains in the vendor. In this case it cannot be disputed that the most important part of the transaction, the piece tallying and classification of the lumber remained to be done, and was to be done by the undisputed intention of the parties by appellant, and that had not been done for the simple reason that the lumber had not reached them, and there is no testimony, if we may be pardoned for the repetition, showing that a foot of this lumber sued for had ever reached appellant's possession or the possession of his agent.

The intention of the parties in this case is clear. The half way transferred point of the lumber at the side of the road was merely for convenience of the parties. Spengler v. Lumber Co., 94 Miss. 798.

Counsel point to the statement in our original brief that appellee was either entitled to the whole of his demand or nothing. The sentence that follows that statement explains and qualifies it: there was no evidence on which to base this compromise verdict, any more than there was evidence on which to base any recovery as we submit there

was not. "We simply meant to say that having been turned loose on the case unguided by testimony, the jury would at least have been excusable had they returned a verdict for nothing, or the total amount sued for. Certainly there is no explanation of their strange verdict of one-half the amount sued for, and it was undoubtedly a 'compromise verdict. and the case should be reversed for that alone.

"When a verdict was manifestly erroneous, and based upon considerations which had no legitimate connection it was properly set aside and a new trial granted." *McNairy* v. *Gathings,* 57 Miss. 215.

Counsel close their brief by a comparison of the instant transaction with that of the delivery by a seller to a railroad company to be delivered to the consignee. We are sure they would not urge that argument on careful reflection. The comparison is not at all applicable. Deliveries to railroads are made with bill of lading, the symbol of the goods, and when the railroad accepts same it does so as bailee for hire and the title of course passed. That is well understood. There was no third party here, no bailee, and no common carrier of freight. The comparison is not at all in point.

We respectfully submit that the case should be reversed on direct appeal and affirmed on cross-appeal.

*Paine & Paine,* for appellee.

Appellant contends that under the contracts there was to be no delivery on the lumber, and payment until appellant should have received it at its yard in Amory and measured it. Such a construction of the contracts places new terms in the contracts and contradicts the testimony of appellee's witnesses and accepts the construction of appellant as the contract. There is no law in Mississippi which would justify this court in placing such a construction on these contracts. We submit that it was the duty of appellant to have scaled and measured the lumber as de-

livered on the pike, before removing the same, and then if there was any shortage to have the same corrected. The appellant did not do this, but on the contrary accepted the lumber on the pike, trucked it to its large lumber yard in Amory and then denied the appellee the right to inspect.

If the argument of counsel on this question is correct, then in the vernacular of the gambler, appellee has got into a "skin game" because the appellant has the right to shuffle, cut and deal the cards. In other words appellee by the interpretation of counsel for appellant, has contracted so as to be skinned, drawn and quartered by appellant.

The contract does not give such a right to appellant. The very words of the contract and the reason for it, as appears from the testimony of the appellee on page 283 of the record refutes and condemns the interpretation of the contract as made by counsel for appellant in their brief.

Counsel for appellant contend that this case should be reversed for the reason that the verdict was a compromise verdict, under their fourth assignment of errors. As to this assignment we say that before this assignment can be maintained, it must affirmatively appear from the evidence that the verdict was a compromise verdict and there is not a particle of proof as to this. Our court has held that a quotient verdict will not be set aside unless it affirmatively appears from the evidence that the jurors agreed in advance to return such a verdict. *Buckeye Cotton Oil Co.* v. *Owne,* 84 S. R. 13.

And it is equally true that when a verdict is reached merely by a compromise of the different jurors of their difference by mutual concession, and this appears from the testimony, this is not ground for a new trial. 20 R. C. L., page 244, and note 11.

The contract in this case did not provide that the lumber should be paid for only after it had been received by the appellant on its yards in Amory and scaled. The time and place and manner of payment does not appear from the written contract or under the terms of the oral contract. The question as to where the lumber was de-

124 Miss.—9

livered in this case to appellant, cannot be determined by the acts of appellant in paying appellee for lumber received at its yards in Amory. We submit that the fact that appellant paid appellee for lumber after it was received in its yards at Amory does not deprive the appellee of claiming his legal rights that there was a valid and sufficient delivery of the lumber' at the place designated on the pike and certainly if the agents of appellant got the lumber and removed it from the place of delivery or the place the lumber was stacked on the pike, the appellant will be held liable. Suppose that Mr. Glenn had made a contract with some lumber concern in Alabama to sell it lumber and to deliver it to a railroad in Monroe county; and suppose the contract required that the lumber should be delivered to the Alabama concern by delivering it to the railroad; that the Alabama lumber company then had the lumber loaded and shipped by the railroad. Would the fact that the Alabama company, for its own convenience, did not pay Glenn until the cars reached Alabama, deprive Glenn of the legal right of claiming a delivery of the lumber when he placed it on the railroad right of way and it was loaded out by the company? Certainly not.

We therefore respectfully insist that the case should be affirmed on the direct appeal and that on the cross-appeal the court should render a judgment or direct a judgment to be entered for the appellee for the entire amount sued for.

ETHRIDGE, J., delivered the opinion of the court.

The appellee brought suit against the appellant for certain lumber claimed to have been delivered by Glenn upon a public highway under contract providing as follows:

"You may enter our order for fifty thousand feet of two-inch pine cut in dimensions of 2x4 to 2x12 at fifteen·dollars per thousand, delivered on Pike Road about one-half mile east of Leverett's mill. One car of one-inch board about sixteen thousand feet at eighteen dollars, delivered

on Pike. Stock to be delivered when dry. Terms cash less two per cent. In consideration of this sale the Gilmore Puckett Company has advanced me two hundred fifty dollars, the receipt of which is hereby acknowledged and I agree to let the proceeds of the lumber go towards paying the two hundred fifty dollars advanced."

The lumber called for by this contract according to the plaintiff's testimony was delivered upon the Pike Road at the designated point. That is to say, the lumber was placed upon the Pike Road at the designated point. The appellant had the lumber trucked from the point on the Pike to their yards at Amory, Miss. There was a difference between the plaintiff's testimony as to what was delivered on the Pike Road and the defendant's testimony as to what was received at its yards in Amory. The appellant, the defendant, rendered certain statements from time to time to the plaintiff, the appellee, and paid money according to its statement. Subsequent to the execution of the contract set out above, there was a letter addressed to plaintiff by the appellant, defendant, in the following language:

"Mr. J. L. Glenn, Quincy, Mississippi—Dear Sir: We are in position to haul the rest of your lumber now and if you can get it out to the road would like to move it while the roads are dry. And if your stock is not as dry as you would like for it to be send it on anyway. It would help you up on price some to offset the extra cost of hauling.

"Yours very truly,

"GILMORE PUCKETT CO.,

"By L. E. PUCKETT."

After the writing of this letter some lumber was delivered and paid for at the rate of twenty-one dollars per thousand; the appellant's statement showing the lumber at this price and at other prices, and the appellee's or plaintiff's figures showing the amounts delivered or left upon the highway.

When the lumber was moved plaintiff contended that he had not been paid a sum due of five hundred twenty-seven dollars and eighty-two cents. The lumber claimed to have been delivered and not paid for, according to the plaintiff, amounting to four thousand three hundred and three feet at twenty-one dollars per thousand; twelve thousand eight hundred seventy-eight feet at eighteen dollars per thousand; and fourteen thousand four hundred twenty-nine feet at fifteen dollars per thousand. The plaintiff's books and memorandum did not show with precision the exact amount of each kind of lumber delivered, as he did not keep his books so as to show delivery by pieces, but he arrived at his demand by showing the total of number of feet loaded on his wagons and delivered and got the average or basis on a comparison with the statements of the appellant, which were rendered on a basis of pieces received.

It was the contention of the plaintiff that he was entitled to pay for the lumber delivered by him upon the Pike at the designated place. While the appellant contended that the lumber was not considered delivered under the contract until it had been received at the lumber yards, inspected, and checked out. At the conclusion of the plaintiff's evidence the defendant moved the court to exclude the evidence as to the alleged shortage, first because there is no proof in the record that the lumber was ever accepted, tallied, or measured or received by the Gilmore Puckett Company; and, second, because the sale and delivery was never completed in contemplation of law until there was an acceptance and an opportunity to measure and ascertain the amount of lumber for which the buyer paid; third, because under the order for the lumber and under the dealings between the plaintiff and the defendant it is shown that both understood, as the law implies, that the lumber must be delivered to the Gilmore Puckett Company at their yards in Amory and paid for there, the delivery on the Pike Road east of Leverett's sawmill being nothing more than a step in the direction of

delivering the lumber and the sale not being complete until it was measured by the buyer according to the usage of trade at Amory, where it was sold and paid for; and, fourth, because there is no proof to show that the Gilmore Puckett Company received any lumber except that for which they rendered statements and paid. On this motion the court ruled as follows:

"I will hear from the other side. There is only one thing in my mind that this case is entitled to go to the jury on, but I will hear from you gentlemen."

And after argument of counsel on the proposition the court rendered the following ruling:

"The motion is overruled in part and sustained in part. The court is of the opinion that under all the testimony in the case that the only question that the plaintiff is entitled to go to the jury on is whether or not the defendants actually received more lumber than they paid for."

Thereupon the defendant introduced evidence of its president showing the amount of lumber received at the yards according to the statement rendered by its lumber checkers at the yard, and also the lumber checker as to the amount of lumber he checked from the truck bringing the lumber from the Pike, and the testimony of the person who hauled the lumber from the Pike to the yards, which testimony showed less lumber received at the yard than the plaintiff claimed to have delivered on the Pike Road at the point designated. At the conclusion of all the evidence the defendant requested a peremptory instruction, the ground of the motion being because there is no proof before the jury whatever that the defendant ever received any lumber other than what was paid for and could not have, as shown by the proof, and for all the other reasons shown at the close of their testimony and, further, because there is no proof that the hauler, Orr, removed any of Glenn's lumber and delivered it to anybody else except the Gilmore Puckett Company, for all of which the Gilmore Puckett Company accounted.

In ruling upon the motion for a peremptory instruction
the court said:

"For the reason that the plaintiff's testimony shows
that he delivered a certain amount of lumber on the road
and all the testimony shows that no one else except de-
fendant's hauler hauled any of it away from there as far
as anybody knows, and the plaintiff has testified that he
asked the defendant to go out through the lumber with
him and help him try to locate it, and defendant failed
and refused to do this, and it is for the jury to pass on
and not the court. Under all the circumstances in this
case it is a question for the jury to pass on as to what be-
came of the lumber if it ever was there. It is all for the
jury to pass on."

This motion was made in the absence of the jury and
when it returned defendant requested the court to an-
nounce to the jury its ruling on the motion made in their
absence, and the court, stating in its opinion that neither
side can be wronged by so doing, said:

"The only issue, gentlemen, submitted to this jury is
whether or not the Gilmore Puckett Company received
more lumber in their yards in Amory than they have paid
for, or whether the hauler for them, whom they hired, got
more lumber away from there than he delivered to the
Gilmore Puckett Company and they paid for. That is all."

The court refused the plaintiff the following charge:

"The court charges the jury for the plaintiff, J. L.
Glenn, that if you believe from a preponderance of the evi-
dence in the case that defendant contracted with plaintiff
to purchase from him certain lumber to be delivered to
defendant on the Pike Road about one-half mile east of
Leverett' mill in Monroe county, Miss., and you further
believe from a preponderance of the evidence in the case
that plaintiff did place said lumber in compliance with
said contract at the place designated, for which he has not
been paid, which lumber, was received by the defendant,
then this constitutes a delivery to the defendant and the

defendant became responsible for said lumber and liable for the contract price of same."

The court further refused to charge for the plaintiff that—"If the jury believe from the preponderance of the evidence in the case that the defendant agreed to purchase from plaintiff certain lumber delivered to defendant on the public roal about one-half mile east of Leverett's mill in Monroe county, Miss., and that Glenn did deliver to defendant on said road as contracted, which defendant has not paid him for, then the jury will return a verdict for the plaintiff for whatever amount he is entitled to, if any, as shown from the evidence in the case, not to exceed the amount sued for."

And also refused the following charge for the plaintiff:

"The court charges the jury for the plaintiff, J. L. Glenn, that under the contract in evidence a delivery of lumber by plaintiff on the Pike one-half mile east of Leverett's mill was a delivery of said lumber to the defendant."

The court granted for the defendant the following charge:

"The court charges the jury for the defendant that under the law although the jury may believe from the evidence that plaintiff delivered the lumber on the public road as he testified, still the jury must find for the defendant, unless the jury further believe from a preponderance of the evidence that the defendant actually received more lumber than they paid for, or their hauler got such lumber for them and failed to deliver it to them."

It also gave the defendant the following:

"The court charges the jury for the defendant, Gilmore Puckett Company, that the lumber it bargained for did not become its property even after hauled to the Pike Road, the place agreed on, till defendant received and inspected the lumber or had notice that it was there and was offered a reasonable opportunity to inspect and remove it."

The court also gave the defendant the following charge:

"The court charges the jury for the defendant, Gilmore Puckett Company, that even though plaintiff hauled to the

Pike Road at the place mentioned in the written order more lumber than defendant received at its yard and measured and paid for, defendant is not responsible to plaintiff for it, unless defendant knew it was there and was offered a reasonable opportunity to inspect and measure it."

The court further charged the jury for the defendant as follows:

"The court charges the jury for the defendant, Gilmore Puckett Company, that if you believe from the evidence that the lumber yard of the defendant was publicly located and accessible at all times to the public and the defendant had not specially forbade the plaintiff to enter therein and search for the lumber alleged to have been lost, then the plaintiff had a right to go on it and search for his lumber alleged to have been lost, and the defendant, Gilmore Puckett Company, cannot be held responsible solely for his failure so to do."

Other instructions were given for the defendant to the effect that the defendant must have reasonable opportunity to inspect the lumber even though it was delivered on the Pike, and, unless they were offered a reasonable opportunity, that the defendant was not liable. The case was submitted to the jury, who found for the plaintiff for two hundred sixty-three dollars and ninety-one cents, and judgment was entered accordingly. From this judgment the Gilmore Puckett Company appeal, and Glenn files a cross-appeal.

It is insisted by the appellant that there was no evidence which would warrant the jury in finding that the Gilmore Puckett Company had received any of the lumber not paid for, which may have been delivered or placed upon the Pike, and that the jury was not warranted from the evidence under the court's ruling in so finding.

We think the jury had evidence tending to show that the lumber was placed upon the Pike by the plaintiff and that it was received and hauled away by the defendant. There is no suggestion in the evidence that any other person took

any of the lumber placed upon the Pike Road. There is no evidence of any theft, nor any evidence that would reasonably warrant the inference that some other person had secured the lumber placed upon the Pike in excess of what was paid for, if any was in fact so placed. And as the plaintiff testified that the lumber was so placed in excess of what was paid for, the jury had a right to pass upon the credibility of the evidence and accept the plaintiff's theory if they believed it to be true. The greatest difficulty on direct appeal is with reference to the amounts of the various kinds of lumber placed by the plaintiff in excess of what was paid for on the Pike, and this may account for the fact that the verdict was below the amount claimed by the plaintiff. The jury may have awarded compensation at the lowest price for the lumber contracted for, so we are unable to say from the evidence that there was prejudicial error to the appellant.

On the cross-appeal we think the place of delivery is fixed by the contract as being on the Pike Road where the lumber was taken up by the appellant, defendant below. As the contract fixed the place of delivery, the court was not warranted in our opinion in finding from the evidence that the delivery contemplated was at the yards of the aplant in Amory. We think the court should not have told the jury in instructing them as to its ruling orally that the delivery must be at the yards in Amory. The jury certainly could infer from the oral statement of the court that there was no delivery at the place fixed by the contract, but that the delivery, if any, was to be fixed by them or determined by them to be in Amory, Miss., unless the agent of the defendant actually got the lumber and failed to deliver it to them.

We think it was error to refuse the cross-appellant, the plaintiff below, the instruction first above set out. We fail to see any reasonable objection to this instruction. The appellant and cross-appellee rely on *Cole* v. *Bryant,* 73 Miss. 297, 18 So. 655; *Crane* v. *Davis,* 21 So. 17; *Hart* v. *Foundry Co.,* 72 Miss., 809, 17 So. 769; and *Tallahatchie,*

*Lbr. Co.* v. *Thatch,* 117 Miss. 261, 78 So. 154; and other cases which come from other states. We do not think the cases relied on control the controversy here. In those cases under the terms of the contract there was to be an inspection and count of the staves, or other things involved. This constituted expressly a part of the contract. As the court points out in those cases, the contract was not completed until these provisions, which were a part of the contract, were complied with.

In the present case there is no provision in the contract that the lumber is to be measured, inspected, and counted before the delivery is complete. A party has the right to contract so as to bind himself to accept the delivery at the place made and where a contract fixes the place of delivery and there is not a waiver or elements of estoppel he is bound by the contract so made, and it was the duty of the appellant to measure, inspect, and settle for the lumber at the place fixed, and under this contract it assumed the risk of loss of the lumber actually delivered. It could have had an inspector to inspect the lumber upon the ground and measured it had it desired so to do.

We think the court proceeded upon an erroneous theory that the lumber was to be inspected and measured in the yards at Amory, and we think the instructions given for the defendant above set out ought not to have been given in the present case. The plaintiff testified that he requested the defendant to permit him to go through its lumber yard and make search for the lumber which he claimed had been delivered, and which the defendant claimed it had not received and that the defendant refused him permission so to do. This the defendant denied and offered testimony that two public streets ran through its yard and that any person could go through its yard. To prevent plaintiff's testimony on this matter having weight with the jury, the defendant got the instruction last set out above that the plaintiff had the right to go through its yards and search for the lumber. The plaintiff had no right, without se-

curing permission to go through the yard and search for lumber, and it was error to grant this instruction.

For the errors indicated the judgment on cross-appeal will be reversed and on retrial the question will be submitted to the jury on proper instructions as to whether the lumber was delivered at the place called for in the contract. Affirmed on direct appeal, and reversed and remanded on cross-appeal.

<div align="right">

*Affirmed.*
*Reversed and remanded.*